**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Carlos Enrique Medina-Guedez,
Petitioner,

v.

Eric Rokosky, et al.,
Respondents.

No. CV-26-07916-PHX-MAA

**ORDER**

Petitioner, through counsel, filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.) In 2017, Petitioner—a citizen of Venezuela—was kidnapped by a government sponsored group while he was taking part in a peaceful protest opposing the government. (*Id.* at 7.) In 2018, Petitioner escaped and left Venezuela, and in 2022, he entered the United States without inspection. (*Id.* at 8.) On August 12, 2022, the Department of Homeland Security (DHS) served Petitioner with a Notice to Appear and placed him in removal proceedings. (*Id.*) The next day, Petitioner was released on an Order of Release on Recognizance. (*Id.*) Petitioner was approved for Temporary Protected Status (TPS) as a national of Venezuela. (*Id.* at 9.) In October 2024, DHS moved to dismiss Petitioner' removal proceedings, and on October 15, 2024, the Phoenix Immigration Court granted DHS's motion and dismissed Petitioner's removal proceedings. (*Id.*) Petitioner held TPS until DHS terminated the TPS designation for Venezuela. (*Id.*) On October 22, 2026, Immigration and Customs Enforcement Agents detained Petitioner in a Walmart parking lot in Mesa, Arizona, and he has remained detained ever since without

a bond hearing. (*Id.* at 10-11.) Petitioner asserts that his re-detention without any pre-deprivation individualized custody determination violates his Fifth Amendment due process rights (Claims One and Two) and violates 28 U.S.C. § 2241 and the Immigration and Nationality Act § 236 (Claim Three). (*Id.* at 12-16.)

The Court ordered Respondents to show cause why the Petition should not be granted. (Doc. 4.) In their Response, Respondents state: "Petitioner is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) and *Rodriguez Vazquez v. Bostock*, No. 25 6842, 2026 WL 2196424 (9th Cir. July 30, 2026), and therefore Respondents do not oppose Petitioner's request for a bond hearing." (Doc. 7.)

In his Reply, Petitioner argues that the Response does not dispute the factual or legal basis of Petitioner's pre-deprivation due process claim, offers no argument that a pre-deprivation hearing was unnecessary, fails to apply the *Mathews v. Eldridge* factors, and presents no explanation why release would be unavailable as relief. (Doc. 8 at 2.) Petitioner maintains that a post-deprivation bond hearing does not cure the constitutional violation. (*Id.* at 3.) Petitioner therefore argues that, because Respondents do not rebut his due process claim, it should be treated as waived or conceded, and release is the appropriate remedy. (*Id.* at 3-5.)

Because Respondents do not address the issue of whether Petitioner was entitled to a pre-deprivation hearing before being re-detained, the Court finds the argument waived. *See N-E-M-B v. Wamsley*, CV-25-00989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition"); *Soleimani v. Larose*, CV-25-03082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because, "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims").

The Court will therefore grant the Petition and order Petitioner's immediate release from custody. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("[t]he typical remedy for

[unlawful] detention is, of course, release"); *see Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("the traditional function of the writ is to secure release from illegal custody").

**IT IS ORDERED:**

(1) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted** as to his request for release from custody. The remainder of the Petition is denied as moot.

(2) Respondents must **immediately** release Petitioner from custody under the same conditions that existed before his detention.

(3) Respondents must provide a notice of compliance **within two days** of this Order.

(4) Absent a significant change in Petitioner's circumstances, Respondents and their agents are enjoined from re-detaining Petitioner without seven (7) days prior written notice to Petitioner and an opportunity for Petitioner to be heard by a neutral immigration judge on the reasons for the re-detention and consideration of bond, at which hearing the government must bear the burden of demonstrating by clear and convincing evidence that Petitioner is likely to flee or pose a danger to the community if not detained.

(5) Any pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 5th day of November, 2026.



Honorable Michael A. Ambri
United States Magistrate Judge